### DAVIS v. MONROE et al. (No. 3285.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 8, 1926. Rehearing Denied Dec. 2, 1926.)

Boundaries ☞20(I)—Road as established by commissioners' court held boundary between lands deeded thereafter, where proposed change in road was never made.

Boundary between adjoining lands *held* established by road to which deeds to both tracts referred, along line laid out by order of commissioners' court prior to execution of deeds, though former owner of road proposed change and caused survey to be made, where change was never carried out and road was used as established by court.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Action by George C. Davis against Lee Monroe and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Guinn & Guinn, of Rusk, and Gerald Fitzgerald, of Morrill, for appellant.

Lee Monroe, of Topeka, Kan., C. M. Monroe, of San Diego, Cal., and W. T. Norman, of Rusk, for appellees.

LEVY, J. The action is by appellant to try the title to 137 acres of land of the Jackson Smith survey in Cherokee county; he claiming to own the same in fee-simple title, and by adverse possession under the statutes of limitation of 5 and 10 years. Lee Monroe and J. D. McEnery were the defendants. They pleaded, besides not guilty, that the land owned and claimed by them adjoining the plaintiff's land is bounded on the west by the "Alto and Bates Ferry road," and that they built a fence on such line, and that the plain-

tiff does not own and has never owned any land on the east side of or inclosed by the said fence. The plaintiff owns a tract of land in fee simple, proven by registered deeds. The defendants own a tract of land in fee simple, proven by registered deeds, which consists of about 1,015 acres, and adjoins the plaintiff's tract on the west. The plaintiff's deeds have a call for "the Alto and Bates Ferry road," and the defendants' deeds have a call for the same road. The call in the immediate deed to the defendants reads: "Thence west 1,584 varas to the Alto and Bates Ferry road; thence north 2,572 varas with said road to the beginning." The plaintiff's deed calls for the beginning corner to be "at the N. E. corner of an 82-acre tract conveyed by the Morrill Orchard Company to J. C. Matthews in the 'Alto and Bates Ferry road,' an iron pin for corner."

It appears that the Morrill Orchard Company, the agreed common source of title, owned a large tract of land in 1904 which was partly traversed by a public road established by the commissioners' court in 1872. The road was designated on the commissioners' court records as "the Alto and Bates Ferry road," and was well and generally known by that name. The road was originally crooked for a short distance, but by order of the commissioners' court, made of record in 1902, was straightened to run due north and south. The road was straightened about 325 varas along the property lines of the Morrill Orchard Company. No further changes in the road have occurred, and it has been the only public road along there. The deeds to both the plaintiff and the defendants were made several years after the change in the road. It is still an established highway and generally traveled by the public. It specially appears that in the summer of 1904 the Morrill Orchard Company was negotiating a sale of a part of the land to the Cherokee Orchard Company, Incorporated. The Morrill Orchard Company at the time of such negotiation, contemplated a change of location and width of the road along its land, and caused a survey of a line to be made. The proposed change in the road, or the making of a new road, at that point or elsewhere, was never made. The line of such proposed change was and is now covered with growing timber, and is not now and never has been a traveled highway, either public or private. The sale of the land by the Morrill Orchard Company to the Cherokee Orchard Company was executed on October 13, 1904, several months after the contemplated change in the road. The field notes in said deed expressly call for "the Alto and Bates Ferry road." All subsequent deeds have the same call.

The suit is, as admitted by the parties, mainly a boundary line case, the plaintiff claiming that the call for "the Alto and Bates Ferry road" referred to and was intended to

---

☞For other- cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

be the proposed change in the public road, while the defendants claim their line call and the plaintiff's line call was for the road established by the commissioners' court. The case was tried before the court, and a judgment was rendered for the defendants. The court made and filed findings of fact and conclusions of law, which appear fully set out in the record.

We conclude that the trial court correctly decided the case on the facts, and that the appellant's several assignments of error should be overruled. The deeds of both the plaintiff and the defendants call for "the Alto and Bates Ferry road," and the lines should go to that road as it is located on the ground. Such call clearly refers to and intends the public road established by the commissioners' court and generally known by that name. A mistake in the call of the deeds is not evident. And there is no other road there or near there by that name. The contemplated change of the width and direction by the Morrill Orchard Company in 1904 went no further than a mere survey of the proposed line. The change was never made, and the deeds in suit were made subsequent to the proposed change.

The evidence warrants the court's findings, and the judgment is affirmed.